# In the United States Court of Federal Claims

No. 03-2752 C

(Filed May 7, 2010)

```
* * * * * * * * * * * * * * * * * * * *
KEITH L. KELLER,              *
                              *
            Plaintiff,        *
                              *
    v.                        *
                              *
THE UNITED STATES,            *
                              *
            Defendant.        *
* * * * * * * * * * * * * * * * * * * *
```

## ORDER

The court has before it defendant's motion to dismiss and the parties' cross motions for judgment on the administrative record.  Before reaching the merits of the parties' arguments, the court must address two issues that have arisen in the course of the briefing of these motions.

In the government's briefing, defendant asserted that plaintiff waived certain allegations of error that were not raised before the Air Force Board for the Correction of Military Records (AFBCMR).  *See* Def.'s Mot. at 22-29, Def.'s Resp. at 16-18.  Plaintiff responded to defendant's waiver argument with legal argument, Pl.'s Mot. at 17-19, and by filing a request for relief from the AFBCMR on or about December 21, 2009, Pl.'s Reply at 3, App. 1.  Plaintiff suggests that "[g]iven that these issues are now before the AFBCMR, Dr. Keller respectfully requests the Court stay the case pending an outcome from the Board."  Pl.'s Reply at 3.  Plaintiff also suggests that "[i]n the alternative, Dr. Keller reasserts the arguments contained in his motion that issues raised in the amended complaint [in this case] should not be deemed waived."  *Id.*

The waiver issue implicates a number of plaintiff's claims and defendant's

challenges thereto.[1]  The parties' briefing of the waiver issue does not fully address plaintiff's return to the AFBCMR and his proposition that a stay is warranted in these circumstances.  The court's analysis of the waiver issue would benefit from a renewed discussion of waiver in light of these recent events.  The parties are directed to discuss procedure (and to jointly propose a stay, if that is their wish), as well as the legal relevance of these developments, if any, to the motions now before the court.

The second issue raised by defendant concerns the factual foundation of plaintiff's motion for judgment on the administrative record.  Def.'s Resp. at 4, 18-19.  Defendant accurately cites this court's rules (RCFC) for the requirement of "cit[ations] to the portions of the administrative record that bear on the issues presented to the court."  RCFC 52.1(c)(1).  The court has reviewed the "Statement of Facts" section of plaintiff's motion for judgment on the administrative record and has found several instances where sweeping allegations of fact are either wholly unsupported by citation of any kind, or are only supported by citation to defendant's motion or to the complaint.  *See, e.g.*, Pl.'s Mot. at 2-3, 5 n.3, 7-8.  The argument section of plaintiff's motion also contains numerous factual allegations which are unsupported by citation to the administrative record.[2]  *See id.* at 22-25, 30-32.

The administrative record (AR) in this case is extensive, and the index to the AR does not identify the subject matter of the documents contained therein.  In such circumstances, the parties cannot safely rely on the court's ability to ferret out evidence that might prove allegations of fact.  Statements of facts unsupported by AR page citations are inadequate under this court's rules, and judgment on the administrative record may be denied as a result.  *See ARINC Eng'g Servs., LLC v. United States*, 77 Fed. Cl. 196, 205 (2007) (denying a motion for judgment on the administrative record, in part because the plaintiff had "pointed to nothing in the

---

[1]/ The parties' briefs allude to a number of plaintiff's arguments that may or may not have been waived.  It is unclear from plaintiff's reply brief whether all of the arguments challenged by defendant on these grounds are present in the request for relief now before the AFBCMR.

[2]/ The complexity of this case requires citation to the administrative record in both the statement of facts and argument sections of the parties' briefs, to facilitate the court's resolution of this dispute.

administrative record to illustrate" its allegations of arbitrary and capricious agency action); *see also Delbert Wheeler Constr., Inc. v. United States*, 39 Fed. Cl. 239, 251 (1997) (granting defendant's motion for judgment on the administrative record, in part because the plaintiff relied on "unsupported, generalized statements" of fact to support one of its allegations of arbitrary and capricious agency action). Thus, to the extent that plaintiff believes it is the court's responsibility to dig facts out of the administrative record, the court disagrees. *Cf.* Pl.'s Reply at 2 (stating that "it is the Court's responsibility to determine the facts of this case [and to] address the facts a[s] it deems appropriate"). Because the court is affording the parties an additional opportunity to address recent events in supplemental briefing, the court will also afford plaintiff an opportunity to provide the missing AR citations in its motion for judgment on the administrative record.

Accordingly, it is hereby **ORDERED** that

(1)    On or before **May 28, 2010**, defendant shall **FILE** the government's **Supplemental Brief** discussing plaintiff's request for a stay, and the legal and procedural effects of plaintiff's filing before the AFBCMR on defendant's waiver arguments;

(2)    On or before **June 11, 2010**, plaintiff shall **FILE** his **Supplemental Response Brief** on the waiver issue;

(3)    On or before **June 18, 2010**, defendant shall **FILE** its **Supplemental Reply Brief** on the waiver issue;

(4)    Absent a joint request for a stay of proceedings, plaintiff shall **FILE** a **Corrected Cross-Motion for Judgment on the Administrative Record** with appropriate citations to the administrative record on or before **June 18, 2010**;[3] and

(5)    Defendant shall **FILE** a **Sur-Reply** to plaintiff's corrected cross-motion for judgment on the administrative record on or before **July 2, 2010**, or, by that date, submit a notice that defendant deems a

---

[3]/  Plaintiff's corrected cross-motion is limited to the provision of AR citations and is not intended to afford plaintiff the opportunity to revise or reargue his case in chief.

sur-reply unnecessary.

/s/Lynn J. Bush
LYNN J. BUSH
Judge